ON the Merits.
McEnery, J.
The deceased died in Germany. She left a will in which she made a number of particular legacies, and disposed of the residuum of her estate.
The particular legatees and the universal legatee pursue the executors to make them responsible for not disposing of the personal effects in time, claiming that a failure to do so has resulted in loss to-them. The particular legatees have no cause of complaint as there is enough in the succession to pay them in full. There was a usufruct of six thousand dollars, and a particular legatee for the amount This has been paid, and the payment is evidenced by a receipt for the amount.
The estate consisted entirely of stock in corporations. The contention of the universal legatee is that this stock should have been sold under an order of court in ten days, the same as is done in the case of the administration of vacant successions. We express no opinion on this, because it is unnecessary. But conceding the law to be the same for a succession administered.by executors, as that of a vacant, succession, the executors could only be charged with the difference in value between what it would have brought had an order for the sale been provoked and its value at the time it was disposed of. The testimony shows that at the opening of this succession there was financial depression; that to put the large amount of stock that the succession owned on the market would have caused its decline and it would not have realized the value of the stock. It could be better disposed of at a private sale in small blocks. Some shares of the same kind of stock were sold above the inventoried value, but these sales were exceptional. On the whole, the-evidence discloses that the executors were careful and prudent, and acted upon the most conservative line of conduct in order to realize as much as possible from the stock. Letters were issued to the executors on the 29th day of June, 1893. In November following the *977 •judge of the Civil District Court, parish of Orleans, issued an order that they should dispose of the stock at private sale. He was evidently impressed with the same idea which controlled the executors in the discharge of their duty.
The stock was of high class, paying good dividends. There was, apparently, no use for its immediate sale. There was no formal demand made upon the executors by the particular legatees for the payment of their legacies. With propriety had such demand been made the executors could have satisfied the particular legacies at the market value of the same, had the legatees been disposed to accept the same.
The Citizens Bank stock was appraised at eighty-five dollars, but the executors realized one hundred dollars for the same. The St. Charles Street Railway stock was appraised at seventy-five dollars per share, and sold from seventy-six dollars and twenty-five cents to fifty-four dollars and fifty cents. The New Orleans City & Lake Railroad stock, appraised at one hundred and thirty dollars per share, sold for one hundred and twenty-four to one hundred and eleven dollars.
The stock fluctuated in value, and it was problematical whether if sold in ten days after the succession was opened it would have realized a greater price. At any rate there was no formal demand made upon the executor to pay the legacies, either by the particular legatee or the universal legatee. They finally provoked a sale of the stock remaining in the succession, and it brought less than the market quotation; that is, it steadily declined as it was offered. The executors were only able to sell in small quantities. The testimony of the brokers as to the inexpediency of offering the stock in large quantities at public sale was confirmed by these public sales. The bidders were limited in number. There can be no doubt that the executors acted for the best interest of all concerned. They are business men of high standing and evidently knew the market and the best means of disposing of the stock. We are satisfied that the succession has lost nothing by their administration.
Objection is also made to the payment of the fees of the notary, appraisers, attorneys and the commissions of the executors. The attorney for absent heirs, the appraisers and the notary were paid on the order of the judge, and the executors are protected by this decree. The lower judge fixed the fees of the attorneys for the exec *978 utors on the amount of the estate in Louisiana, and we think his estimate of the value of the legal services rendered is correct, and we will say the same in reference to the' fee of the attorneys who-provoked the exhibition of the will.
The executors’ commissions were properly calculated upon the-estate administered here by them.
Judgment affirmed.